## ASSUMPTION OF RISK.

[Circuit Court of Cuyahoga County.]

MARY JOHNS, ADMINISTRATRIX, v. CLEVELAND, CINCINNATI, CHI-
CAGO & ST. LOUIS RAILWAY CO.*

Decided, February 1, 1902.

*Master and Servant—Assumed Risk by Railway Employe—Who Knows
of the Failure of the Company to Follow the Statutory Provision—
Requiring the Blocking of Guard-rails, Switches, etc.—Negligence
—Section 3365-18.*

There can be no recovery for the wrongful death of a railway em-
ploye, who, knowing of the failure of the company to comply
with the statutory requirements as to the blocking of guard-
rails, switches, frogs, etc., met his death by catching his foot in
an unblocked guard-rail and being run down before he could
free himself.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

This is a proceeding in error. The case below was brought by
the plaintiff in error to recover for the wrongful death of John
Johns, who was an employe of the railroad company, and who
on April 27, 1897, came to his death by being run over by a
car of the railroad company. At the conclusion of the plaintiff's
evidence, motion was made to direct a verdict for the defendant,
which was sustained, and judgment entered upon such verdict.
It is sought here to reverse that judgment.

The railroad company, it is said, was prosecuting its business
at the place where the accident occurred, in violation of the
statute then in force, Section 3365-18, Bates' Revised Statutes,
which reads:

"That every railroad corporation operating a railroad or part
of a railroad in this state, shall on or before the first day of June,
1889, adjust, fill or block, all angles in frogs, switches and cross-
ings on their roads, in all yards, divisional and terminal sta-
tions where trains are made up, with the best known sheet steel
spring guard or wrought-iron appliances approved by the com-
missioner of railroads and telegraphs."

*Affirmed by the Supreme Court without report, September 29, 1903.

And then provides a penalty for failing to comply with the provisions of the statute.

It is conceded that at the point where this accident occurred there was a guard rail and it was not blocked. It is said by the defendant in error that it was on a bridge; as a matter of fact, it was on a trestle; but, without determining whether such trestle was a bridge or not, we are able to dispose of this case.

It is urged that if the railroad company was carrying on its business in violation of this statute and the injury resulted from the fact of the man Johns being caught between the guard rail and the other rail, then, in no event, could the railroad company, the defendant, fail to be held responsible; for, it is said, the violation of the statute is such negligence that the employe can not be held to have assumed the risk of such violation, even though he knew all about it.

In *Valley Ry. Co.* v. *Keegan*, 40 Bull., 167, Judge Taft, of the federal circuit court, delivers an elaborate opinion, holding that one violating a statute in the prosecution of its business, can not avail himself of his employe assuming the risk that comes from the violation of that statute. Judge Taft makes an argument which, to me, is very satisfactory, but is not so to our Supreme Court, which holds directly opposite.

In *Krause* v. *Morgan*, 53 Ohio St., 26, the second clause of the syllabus reads:

"One who voluntarily assumes a risk thereby waives the provisions of a statute made for his protection. And where the statute does not otherwise provide, the rule requiring a plaintiff in an action for negligence to be free from fault contributing to his injury, is the same, whether the action is brought under a statute or at common law."

The opinion in this case, by Judge Spear, I will not stop to read. It sustains this proposition: That, although the railroad company is in violation of this statute, still one who is in the employ of the company, and knows all about such violation, must be held to have assumed the risk. However hard that doctrine may seem, it seems to be the doctrine of the Supreme Court of Ohio.

It is said, however, that if he did assume the risk and his foot was caught, still the evidence was such that it should have been submitted to the jury as to whether the railroad company was negligent.

The examination of the evidence shows to us that there was no negligence on the part of the railroad company, unless the negligence was in the not blocking at that point.

The judgment of the lower court is affirmed.

*John O. Winship*, for plaintiff in error.

*E. A. Foote*, for defendant in error.